IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

    -v-

CHRISTOPHER M. WODRICH,

        Defendant.

06-CR-6154 CJS

---

**PLEA AGREEMENT**

The defendant, CHRISTOPHER M. WODRICH, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.  THE PLEA AND POSSIBLE SENTENCE

1.  The defendant agrees to waive indictment and to plead guilty to a one count Information charging a violation of Title 18, United States Code, Section 2422(b) (coercion and enticement of a minor to engage in sexual activity), which carries a mandatory minimum sentence of a term of 5 years in prison and a maximum possible sentence of a term of imprisonment of 60 years, a fine of $250,000, or both, a mandatory $100 special assessment and a term of supervised release of up to life.  The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

## II.   SENTENCING GUIDELINES

3. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### ELEMENTS OF THE CRIME

4. The defendant understands the nature of the offense set forth in Paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the

crime:

>(a) that the defendant knowingly used the internet, a facility in interstate and foreign commerce, to attempt to persuade, induce or entice an individual under the age of eighteen (18) to engage in sexual activity;
>
>(b) that the defendant believed that such individual was less than eighteen (18) years of age;
>
>(c) that if the sexual activity had occurred, the defendant could have been charged with a criminal offense under the laws of the State of New York; and
>
>(d) that the defendant acted knowingly and willfully.

**FACTUAL BASIS**

a.   The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

>a) Between on or about May 4, 2006 and May 25, 2006, the defendant engaged in internet chats with a Monroe County Sheriff's Office Deputy who was acting in an undercover capacity as a 14 year old female residing in Rochester, New York, in the Western District of New York.
>
>b) The defendant believed that the Monroe County Sheriff's Office Deputy who was acting in an undercover capacity was 14 years old.
>
>c) During the internet chats, the defendant, using the screen name "wildwoodie21", made arrangements to meet with the 14 year old at

a Bill Gray's restaurant in Irondequoit, New York, to engage in sexual activity which the defendant could have been charged with a criminal offense under the laws of the State of New York.

d) On or about May 25, 2006, the defendant was arrested at the Bill Gray's Restaurant in Irondequoit, New York, after approaching a Monroe County Sheriff's Office female undercover officer who was portraying herself to be the 14 year old girl.

e) The defendant acted knowingly and willfully.

## **BASE OFFENSE LEVEL**

5. The government and the defendant agree that Guidelines § 2G1.3 applies to the offense of conviction and provides for a base offense level of 24.

## **SPECIFIC OFFENSE CHARACTERISTICS**
## **USSG CHAPTER 2 ADJUSTMENTS**

6. The government and the defendant agree that the following specific offense characteristic does apply:

>   (a) the two level increase pursuant to Guidelines § 2G1.3(b)(3) (use of a computer to persuade, induce, entice or coerce the minor to engage in prohibited sexual conduct).

## ADJUSTED OFFENSE LEVEL

7.  Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 26.

## ACCEPTANCE OF RESPONSIBILITY

8.  At sentencing, the government agrees not to oppose the recommendation that the Court apply the three (3) level downward adjustment of Guidelines §§ 3E1.1(a) and (b) (acceptance of responsibility), which would result in a total offense level of 23.

## CRIMINAL HISTORY CATEGORY

9.  It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## **GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT**

10. It is the understanding of the government and the defendant that, with a total offense level of 23 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 46 to 57 months, a fine of $10,000 to $100,000, and a period of supervised release of up to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in Paragraph 1 of this agreement, including the mandatory minimum 60 month term of imprisonment.

11. The defendant understands that the Probation Office will make an independent determination of the defendant's total offense level and criminal history category and that the Court will ultimately determine the appropriate total offense level and criminal history category. The defendant will not be entitled to withdraw the pleas of guilty because of the Court's failure to adopt any Sentencing Guidelines calculations set forth in this agreement or because of the imposition of a sentence above the advisory range.

12. The government and the defendant reserve the right to recommend a sentence outside the Sentencing Guidelines range set

forth above.  This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

### III.  STATUTE OF LIMITATIONS

13.  In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the coercion and enticement of a minor to engage in sexual activity which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

### IV.  GOVERNMENT RIGHTS AND RESERVATIONS

14.  The defendant understands that the government has

reserved the right to:

    a.   provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

    b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

    c.   advocate for a specific sentence [including the amount of restitution and/or fine and the method of payment];

    d.   modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor;

    e.   oppose any sentence outside the Guidelines range made by the defendant.

15. At sentencing, the government will move to dismiss the complaint pending against the defendant under Magistrate's No. 06-M-598.

16. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid

financial obligation.

## V. APPEAL RIGHTS

17. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, Paragraph 10 above, notwithstanding the manner in which the Court determines the sentence.

18. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

19. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is

greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, Paragraph 10 above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VI.   DIVESTITURE OF COMPUTER EQUIPMENT

20.  The defendant specifically acknowledges that in furtherance of his criminal conduct he utilized computer equipment previously shipped in interstate commerce and he also utilized the internet through the use of his computers in furtherance of same.  The defendant's computer and other media were seized by the law enforcement officials during the execution of a search warrant.  Since the computer and related media seized during the execution of the search warrant were instrumentalities of the crime, the defendant specifically agrees to the forfeiture of his computer and all of their components/related media to the FBI, and he waives any rights or interest in those items which he may still possess or for which he may have any claim.  The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, with respect to the forfeiture of this property.

## VII. TOTAL AGREEMENT AND AFFIRMATIONS

21. This plea agreement represents the total agreement between the defendant, CHRISTOPHER M. WODRICH, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government
and the defendant.

                          TERRANCE P. FLYNN
                          United States Attorney
                          Western District of New York

BY: _____
      RICHARD A. RESNICK
      Assistant U. S. Attorney

      Dated: August 21, 2006


I have read this agreement, which consists of 11 pages. I have had a full opportunity to discuss this agreement with my attorney, Robert G. Smith, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the

consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

*Christopher Wodrich*
CHRISTOPHER M. WODRICH
Defendant

Dated: August 21, 2006

*Robert G. Smith*
ROBERT G. SMITH, Esq.
Attorney for the Defendant

Dated: August 21, 2006